## WHEELER v. BRADY, appellant.

*Arrest in civil action — leave to renew motion to vacate does not extend time — fraudulent intent — facts indicating.*

An order denying a motion to vacate an order of arrest, and giving defendant leave to renew the motion, but not in terms extending the time to do so; *held*, not to extend the time for making such motion beyond that prescribed in the Code, § 183.

A person actually insolvent and having reason to expect that claims against him would soon be in judgment, conveyed all the property he had to his daughter and his attorney; *held*, that these facts justified the conclusion that the conveyance was with the intent to defraud creditors.

APPEAL from two orders, at the special term, denying motions to vacate an order of arrest. The action was brought by William B. Wheeler against Walter Brady on a promissory note for $2,000.

An inquest was taken on the 12th day of June, 1874. On the 19th day of June, 1874, the plaintiff procured an order of arrest on the ground that the defendant had disposed of his property with intent to defraud his creditors. The defendant was arrested, and on the 24th of June judgment was entered in favor of the plaintiff for $2,347.01. On the 3d of July following, the defendant moved to discharge the order of arrest. This motion was heard on the 8th, and the decision of Mr. Justice LAWRENCE rendered on the 9th day of July, denying the motion, with leave to the defendant to renew. The order entered thereupon was served on the 10th of July, and on the 8th of August the defendant appealed.

Under the leave granted, the defendant, on the 30th of July, renewed his motion on further papers ; this motion was heard on the 3d of August and denied, re-argued and again denied on the 17th of August, and from this last order the defendant appealed.

The affidavit of the plaintiff, on which the order of arrest was granted, set up that the defendant, at the time of making this note, and for several months after, was the owner of five parcels of real estate, viz., a Fifth avenue parcel, a Third avenue parcel, a 106th street parcel, a 112th street parcel, and a 113th street parcel. That in January, 1874, he conveyed the 113th street lot to his daughter, in satisfaction of a pretended indebtedness, and that at the same time he conveyed the Fifth and Third avenue parcels to Geo. H. Brewster, as he claimed in payment of counsel fees due, and that all the rest of the defendant's real estate had been conveyed away. That at the time of these conveyances defendant was largely indebted to others than the plaintiff; and that "the deponent *believes* defendant has disposed of his property with intent to defraud his creditors."

The defendant explained the transfer of these pieces of property, and explicitly denied any intent to defraud his creditors.

*J. Langdon Ward,* for appellant.

*Ely & Smith,* for respondent.

DANIELS, J. The order to show cause under which the last motion was made to discharge the defendant from arrest, was neither made nor served until long after the expiration of twenty days from the time when the judgment in the action was entered. It consequently was not made within the time prescribed by the Code of Procedure, § 183.

The appellant claimed that the order allowing the motion to be renewed, extended the time within which, by the provision referred to, it was required to be made. But as the order was made before that time had expired, and contained nothing whatever indicating it to be the purpose of the court to extend that time, this position cannot be sustained. The second motion was very properly denied on that ground even if the additional affidavits, if they had been presented in time, made out a case requiring the discharge of the order of arrest.

The papers before the court on the first motion showed that the defendant was actually insolvent, and when he had reason to expect that some of his creditors' demands would soon be in judgment against him, he conveyed away the only property which he had at that time that could even be supposed to be worth something over the incumbrances upon it to his daughter and his attorney.

The time and manner of the conveyances and the persons to whom they were made, together with the defendant's insolvency, were sufficient to justify the conclusion deduced by the special term that the intent prompting them, on the part of the grantor, was to place what little property he had out of the reach of any judgments which might be recovered against him. That intent, when it clearly exists, is not ordinarily avowed by the debtor ; on the contrary, his endeavor is to obscure and conceal the evidences of its existence, and when it is discovered the most that can be expected is, that it may fairly and reasonably be inferred from the circumstances attending the disposition of the debtor's property. The conclusion that it did exist was sufficiently warranted by the affidavits presented in this case.

The orders should be affirmed, with $10 costs in each appeal, besides disbursements.

*Orders affirmed.*